IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ERIC JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-390-KAJ |
| | ) | |
| CMS (CORRECTIONAL MEDICAL SERVICES) and H.R.Y.C.I. (Gander Hill Prison), | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Eric Jackson ("Jackson"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the complaint without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Jackson alleges that on April 11, 2006, he went to the dental department for tooth extractions. Jackson alleges that the dentist providing medical care ultimately punched a hole into his jaw in the sinus region. Jackson discovered that the dentist removed bone from the area. Jackson was taken to his cell only to return to the infirmary in excruciating pain. He alleges that his jaw was swollen for nine days and

that he was not fed for three days, though he received "Boost" nutrient drinks. Jackson asks to be compensated for pain and suffering and "also medical malpractice."

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Eleventh Amendment Immunity

HRYCI, an institution under the umbrella of the Delaware Department of Correction, is named as a defendant. The Delaware Department of Correction is an agency of the State of Delaware. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F.Supp. 572, 579 (D.Del. 1991). Accordingly, the HRYCI, an institution under the umbrella of the Delaware Department of Correction, is entitled to immunity under the Eleventh Amendment. *See e.g. Evans v. Ford,* C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D.Del. Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not waive Eleventh Amendment immunity).

Jackson' claim against the HRYCI has no arguable basis in law or in fact inasmuch as that institution is immune from suit. The claim is frivolous and is dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) and § 1915A(b).

#### B. Medical Needs

Jackson alleges that he was injured during the course of his dental treatment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (I) a

serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

Allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Additionally, "mere disagreement as to the proper medical treatment" is also insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d. Cir. 2004) (citations omitted).

Reading the complaint in the light most favorable to Jackson, he fails to state an actionable constitutional claim against CMS for deliberate indifference to a serious medical need. Jackson alleges negligence; nothing more. The complaint does not allege deliberate indifference to a serious medical need. Rather, it alleges that Jackson received treatment for a dental condition, albeit allegedly negligent treatment. Therefore, the claim is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b)(1).

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Eric Jackson's complaint is DISMISSED

without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE

August 17, 2006
Wilmington, Delaware